**Zashary D. Morel, Esq.**
**Morel Law, LLC**
**Attorneys for Plaintiff**
**1390 S. Dixie Highway #2209**
**Coral Gables, FL 33146**
**Phone: 305-479-2599**
**Fax: 866-808-7628**
**Email: Zashary@MorelLaw.com**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
--------------------------------------------------------------------X
                                                                    :
GILBERTO M. GARCIA                                                  :
                                                                    : CIVIL ACTION :
                                        Plaintiff,                  :
                                                                    :
            -against-                                               :  **COMPLAINT**
                                                                    :  **FOR DECLARATORY**
                                                                    :  **RELIEF**
TOWN OF SURFSIDE                                                    :
                                                                    :  **electronically filed document**
                                        Defendant.                  :
--------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action brought by the Plaintiff, as an affected property owner in the Town of Surfside, Florida, for declaratory relief pursuant to 42 U.S.C. §1983 for ongoing injury to Plaintiff's rights guaranteed by the First, Fourth and Fourteenth Amendment of the U.S. Constitution.

2. Plaintiff is a property owner affected by Ordinance 17-1662, enacted by Defendant Town of Surfside.

3. Plaintiff is not the only affected party. There are other similarly situated affected property owners, as well as other Florida residents affected. Specifically, those who use the beach at Surfside where the Town, with no rational government purpose in place, has allowed the Marriott Hotel on the west side of Collins, to operate a beach furniture business that affects both property owners and beach goes visiting the location at issue.

**JURISDICTION**

4. This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a)(3) and (4) and the Declaratory Judgment Act, 28 U.S.C. §1367(a).

## VENUE

5. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §1391(b). Plaintiff is a property owner in this District, and Defendant is a municipality in this District.  All the acts complained of in this Complaint occurred and will continue to occur in this District.

**PARTIES**

6.  Plaintiff is an attorney licensed to practice law in the State of New Jersey and owns property at 9195 Collins Avenue, Surfside, Florida.

7.  Defendant Town of Surfside, is a municipal entity organized under the law of the State of Florida, with the capacity to sue and be sued.

8.  The City Commission sets final policy on the creation and adoption of city ordinances.

9.  Defendant Surfside is sued for declaratory relief on the basis of the acts of its commissioners, pursuant to official policy, practice and/or custom.

10. At all times relevant herein, the commissioners, and the City were acting under color of State Law.

**STATEMENT OF FACTS**

11. On December 13, 2016, the commissioners of Surfside approved Ordinance 16-1658 to monitor the control of beach umbrella operators.  **Exhibit A annexed to Complaint.**

12. The Ordinance prohibited any commercial operator west of Collins Avenue from applying to obtain a permit to operate on the beach.  The Ordinance defines Beach Operator as: a hotel located on the east side of Collins Avenue.

13. The Marriot Hotel is located on the west side of Collins Avenue and has been operating a beach umbrella business since 2016, without a license or a permit.

14. The beach operators working for the Marriot Hotel operate across Collins Avenue from their west side location, with their umbrellas and chairs and place it at the public beach.

15. The beach operators request that beachgoers who are sunbathing and enjoying the beach to move/change their location.

-3-

16. The beach operators charge a fee for the use of their umbrellas and chairs.

17. The beach operators have more than 30 chairs at the beach daily.

18. The residents of the area, including the Plaintiff, are unable to choose a desired place at the public beach because the beach operators have taken control of the beach.

19. The Town of Surfside has permitted this type of illegal conduct and has failed to enforce the Ordinance.

20. On June 13, 2017, the Town of Surfside Commissioners created Ordinance 17-1662. Ordinance 17-1662 modified Ordinance 16-1658. **Exhibit B annexed to the Complaint.**

21. The significant modification is found at 86-26 of the New Code Definitions.

22. Beach Furniture Operator contains an additional definition as: a hotel located on the west side of Collins Avenue.  Significantly, the Ordinance 17-1662 also adds: a Condominium on the east side of Collins to the definition.

23. The newly added definitions hence create a territorial conflict if a Condominium applies for a beach operator license for the same beach territory that a west side hotel operator applies for.

24. Plaintiff has been unable to enjoy the beach in front of the building where he owns his apartment due to the Marriott Hotel's umbrellas and chairs being operated at the beach.

25. The beach is public.

26. All that attend the beach have the right to set up their towels or chairs wherever they want.

27. All that attend the beach should not be forced to pay for umbrella services they do not want and is forced upon them.

28. Plaintiff wishes to set up in the beach in front of the building where he owns an apartment in the manner that he wishes since he is attending a public beach.

29. Ordinance 17-1662 is defective on its face. The Town Commission would need to discriminate one applicant over the other since both have the same right to obtain the services, i.e., Condominium vis-à-vis a Hotel.

30. Defendant, Town of Surfside's unlawful policy, practice and customs are intentionally targeted to benefit the Marriott Hotel on the west side of Collins Avenue at the expense of Plaintiff and others' right to full enjoyment of the beach.

31. The Marriott beach operators intimidate beach goers and make it difficult to access the beach in a manner that permits beach goers to enjoy the public beach.

32. These unofficial policies have been approved by the Defendant Town's Commissioners.

33. The Town's policies, practices and customs with the regard to umbrella operators from hotels on the west side of Collins Avenue are a direct and proximate cause of the constitutional violations alleged here, and because of the Town's Commissioners policies to aid the Marriot Hotel exclusively it was reasonably foreseeable that constitutional violations would result.

34. On its face, Ordinance 17-1662 is an unconstitutional infringement on Plaintiff's affirmative right to due process of law, in violation of the Fourteenth Amendment of the U.S. Constitution.

35. Ordinance 17-1662 is void for vagueness as it does not convey sufficiently definite warning as to the process by which a Condominium on the east side of Collins Avenue

and a hotel on the west side of Collins can occupy the same territory as beach furniture providers.

36. Ordinance 17-1662 is void for vagueness as it does not convey sufficiently definite warning as to the proscribed conduct by which a hotel on the west side of Collins Avenue would treat beach goers expecting to set their own chars and umbrellas so that the Plaintiff and all other ordinary citizens are put on notice as to what constitutes conduct of a beach furniture operator under the ordinance.

37. Ordinance 17-1662 fails to establish minimal guidelines to govern law enforcement and town officials; granting them the unbridled discretion to distinguish between a beach furniture operator applicant Condominium on the east side of Collins Avenue and a hotel on the west side of Collins Avenue.

38. On its face, Ordinance 17-1662 is a prior restraint on Plaintiff's protected First Amendment activity in traditional public setting such as public beach by: granting Town Commissioners the power to deny use of a forum in advance of actual expression.

39. Plaintiff and others are precluded by Marriott beach operators, notwithstanding the fact that Marriot does not own any adjacent property, from setting up anywhere that they wish on the beach. Marriot is not a beach front property owner and its use of the beach to engage in business affects all beach loving people who just want to have the freedom of enjoying the public beach.

40. The Town Commissioners are playing into the hand of Marriott Hotel and its owner by passing an Ordinance that only benefits the Marriot Hotel and affects the freedom to

gather and associate with others of those who attend the beach and are not staying at the Marriot Hotel.

41. There is no public policy or governmental rationale for implementing this ordinance.

42. Plaintiff cannot use the public beach areas occupied by the Marriot furniture operator right in front of the building where Plaintiff owns an apartment.

**COUNT ONE**
**Ordinance 17-1662 Is Facially Unconstitutional in Violation of The First Amendment, U.S. Constitution**
**42 U.S.C. § 1983.**

43.  Plaintiff re-alleges and incorporates by reference as though fully set forth here the allegations contained in Paragraphs 1 through 42.

44.  Ordinance 17-1662's authorization to a business, not owning the property upon it, to operate a beach furniture business – in this case the Marriott Hotel on the west side of Collins Avenue – is an unconstitutional infringement, on its face, of Plaintiff's and other similarly situated citizens' affirmative right to freedom of speech and expression secured by the First Amendment of the U.S. Constitution.

45. On its face, Ordinance 17-1662 is a prior restraint on protected First Amendment activity in traditional public setting such as a public beach, by granting Town Commissioners the power to deny use of a forum in advance of actual expression.

46. Plaintiff is warned by Marriott Hotel beach furniture operators that he cannot enjoy the public park and public beach's area. Plaintiff wishes to engage in protected First Amendment activity in these traditional public setting and is prohibited from doing so by the illegal beach operator.

47. Ordinance 17-1662 fails to contain narrow, objective and definite standards to guide the licensing authority and lacks procedural safeguards to guard against unlawful infringement on protected First Amendment activity.

48. Ordinance 17-1662 fails to establish substantive constraints on the Town officials who review requests to ensure against arbitrary and discriminatory limitations on protected First Amendment activity.

49. Ordinance 17-1662 grants overly broad discretion to licensing officials and fails to allow for spontaneous speech activity in traditional public setting, such as the public park and beach.

50. The entire ordinance should be stricken as facially unconstitutional in violation of the First Amendment of the Constitution.

51. The conduct of the Marriot Hotel beach operators, as permitted by the Town of Surfside officers acting in their official capacity and under color of law, prohibiting sleeping, lying or reclining on the sand during light hours where its beach furniture is operating, is a constitutional infringement of Plaintiff's affirmative right to exercise his Freedom of speech and expression rights granted by the First Amendment of the U.S. Constitution.

52. Defendant Town of Surfside's policies, practices and customs allowing the Marriot Hotel to engage in illegal beach furniture operation and at the same time creating an ordinance to specifically allow the Marriot Hotel the right to engage in beach furniture business in the public beach, fail strict scrutiny review as they are not tailored to serve a compelling state interest.

-8-

53. Alternatively, Defendant Town's policies, practices and customs regarding the beach furniture operation ordinance fail even rational basis as they are not rationally related to a legitimate government purpose.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For a declaration that Ordinance 17-1662 of the Town of Surfside is facially unconstitutional in violation of the First Amendment of the U.S. Constitution.

2. For damages under 42 U.S.C. § 1983.

3. For attorneys' fees and costs pursuant to 42 U.S.C. §1988 and

4. For such other relief as this Court deems just and proper.

Coral Gables, Florida

October 9, 2017

Respectfully Submitted,

/s/ Zashary Morel

_____
Zashary Morel, Fla Bar. No. 93616
Zashary@MorelLaw.com

EXHIBIT A

ORDINANCE NO. 16 – 1658

AN ORDINANCE OF THE TOWN COMMISSION OF THE
TOWN OF SURFSIDE, FLORIDA AMENDING ARTICLE II
"LOCAL BUSINESS TAX RECEIPT" OF CHAPTER 70
"TAXATION" AND SPECIFICALLY AMENDING
"SECTION 70-41 "LOCAL BUSINESS TAX SCHEDULE"
TO INCLUDE BEACH FURNITURE OPERATION;
AMENDING CHAPTER 86 "WATERWAYS"; ARTICLE II,
"PUBLIC BEACHES", SPECIFICALLY AMENDING
SECTION 86-26 "DEFINITIONS"; CREATING SECTION
86-30 "BEACH FURNITURE"; CREATING SECTION 86-31
"BEACH FURNITURE PERMIT"; CREATING SECTION
86-32 "INDEMNIFICATION AND INSURANCE";
CREATING SECTION 86-33 "VIOLATIONS, CIVIL FINES
AND PENALTIES"; PROVIDING FOR INCLUSION IN
THE CODE; REPEALING ALL ORDINANCES OR PARTS
OF ORDINANCES IN CONFLICT HEREWITH; AND
PROVIDING FOR AN EFFECTIVE DATE.

**WHEREAS**, the Town has the authority to promulgate laws to regulate the public beach in a reasonable manner to protect public health, safety, and welfare, which must have a rational relation and be reasonably designed to accomplish a purpose necessary for the protection of the public; and

**WHEREAS**, the Florida Constitution states that "The title to lands under navigable waters, within the boundaries of the state, which have not been alienated, including beaches below mean high water lines, is held by the state, by virtue of its sovereignty, in trust for all the people," s.11, Art. X, Fla. Const; and

**WHEREAS**, the public trust doctrine requires that governmental regulation of sovereign beach lands be in furtherance of this trust and, therefore, be in the best interest of all the people; and

**WHEREAS**, pursuant to §205.042, Fla. Stat. and Section 70-26 of the Surfside Town Code, it is unlawful for any person to conduct or engage in any business, profession or occupation without first procuring a local business tax receipt and paying to the Town the local business tax; and

**WHEREAS**, it is in the best interest of the Town to establish an ordinance and an Administrative Policy to regulate the placement of beach furniture on the public beach by Beach Furniture Operators for public safety, access and maintenance, which will be reviewed after one year by the Town Commission; and

**WHEREAS**, a beach furniture permit will be revocable if the applicant does not meet the requirements as specified in the Town Code, Administrative Policy and operation plan; and

**WHEREAS**, the Town Commission held its first public hearing on October 13, 2016 and recommended approval of the proposed amendments to the Code of Ordinances having complied with the notice requirements by the Florida Statutes; and

**WHEREAS**, the Town Commission has conducted a second duly noticed public hearing on these regulations as required by law on December 13, 2016 and further finds the proposed change to the Code necessary and in the best interest of the community.

**NOW, THEREFORE, BE IT ORDAINED BY THE TOWN COMMISSION OF THE TOWN OF SURFSIDE, FLORIDA:**

**Section 1. Recitals.** The foregoing "WHEREAS" clauses are ratified and confirmed as being true and correct and are made a specific part of this Ordinance.

**Section 2. Code Amendment.** The Code of Ordinances of the Town of Surfside, Chapter 70 "Taxation" "Section 70-41 "Local Business Tax Schedule" is hereby amended as follows:

**Sec. 70-41. - Local business tax schedule.** There hereby are levied and imposed local business taxes for the privilege of engaging in or managing any business, profession or occupation within the town; the rates for such tax to be no greater than those as indicated herein.

\* \* \*

*B*

\* \* \*

*Beach furniture operation ..... 500.00*

\* \* \*

**Section 3. Code Amendment.** The Code of Ordinances of the Town of Surfside, Chapter 86 "Waterways"; Article II, Public Beaches" is hereby amending Section 86-26 "Definitions" and creating Sections 86-30 to 86-33 to read as follows:

**Sec. 86-26. - Definitions.**

\* \* \*

*Beach furniture* includes, but is not limited to, any chair, umbrella, tent or any other object that is used on the beach.

\* \* \*

*Public beach* means that land area in the RT-1 Zoning District, "Tourist-District," that is seaward of the erosion control line. It shall also include all easements and rights-of-way within the area that are utilized for public beach purposes.

\* \* \*

*Beach Furniture Operator* is a hotel located on the east side of Collins Avenue which uses or allows another party to use such beach furniture as part of a short-term paid lodging authorized through a Certificate of Use issued by the Town.

\* \* \*

## Sec. 86-30. – Limitations on Beach Furniture.

Beach furniture shall not inhibit access to the public beach, nor obstruct reasonable access on the beach for pedestrians and emergency vehicles, nor impact native vegetation, nor affect sea turtles or other wildlife.

## Sec. 86-31. - Beach Furniture Permit Requirements.

Beach Furniture Operator, as defined in this article must obtain a permit to place beach furniture on the public beach within the Town. Town Manager or designee shall establish an Administrative Policy for the placement of beach furniture on the public beach by Beach Furniture Operators for public safety, access and maintenance, as set forth by Administrative Policy. Beach Furniture Operators must procure a local business tax receipt and comply with the regulations of Section 70-41 of the Town of Surfside Code and all required licenses or permits from Miami-Dade County, the State of Florida and federal entities.

Sections 86-31 to 86-33 herein shall be reviewed by the Town Commission one year after its enactment. Nothing in Sections 86-31 to 86-33 shall require a permit from the general public to place beach chairs and/or equipment on the beach for personal use on an as needed basis.

A. Application. Any Beach Furniture Operator shall apply for a permit on a form prepared by the Town along with the applicable permit application fee. All permit applications shall include the following:
    (1) An application fee of $500.00;
    (2) An evacuation plan, in the event of a natural disaster such as a tropical storm or hurricane, including a storage area.
    (3) Beach furniture operations plan, including specifications on storage, staffing and clean-up.
    (4) Compliance with indemnification and insurance requirements pursuant to Section 86-32 of the Town of Surfside Code.
B. Exemption. Nothing in this article shall require a permit from a member of the general public to place beach furniture on the public beach for personal use.

C. Review of permit application. A permit shall be granted upon the submittal of a completed application and the required fee, unless the Town Manager or designee determines that the granting of such a permit:

    (1) Unduly impedes governmental business or public access;

    (2) Conflicts with previously scheduled activities;

    (3) Imperils public safety; or

    (4) Violates any public policy or local, state or federal law.

D. A beach furniture permit is revocable if the applicant does not meet the requirements as specified in the Town Code, Administrative Policy and operation plan.

E. Appeals. If a permit is denied or revoked by the Town Manager or designee, the Beach Furniture Operator may, within 30 days of the decision, file a notice of appeal to the Town Commission. The appeal shall be heard as a quasi-judicial matter.

## Sec. 86-32. - Indemnification and insurance.

A. The Beach Furniture Operator agrees to indemnify, defend, save and hold harmless the Town, its officers and employees from any and all claims, liability, lawsuits, damages and causes of action which may arise out of the permit or the Beach Furniture Operator's activity on the public beach.

B. The Beach Furniture Operator agrees to obtain and maintain for the entire permit period, at its own expense, the following requirements:

    (1) Commercial general liability insurance in the amount of $1,000,000.00 per occurrence for bodily injury and property damage. The Town must be named as an additional insured on this policy, and an endorsement must be issued as part of the policy reflecting compliance with this requirement.

    (2) Workers' compensation and employers' liability as required by the state.

C. All policies must be issued by companies authorized to do business in the state and rated B+:VI or better per Best's Key Rating Guide, latest edition.

D. The Town must receive 30 days' written notice prior to any cancellation, non-renewal or material change in the coverage provided.

E. The Beach Furniture Operator must provide and have approved by the Town an original certificate of insurance as evidence that the requirements set forth in this section have been met prior to commencing operations.

F. Failure to comply with these requirements shall be deemed to be operating without a valid permit and shall cause an immediate suspension or revocation of the permit.

## Sec. 86-33. - Violations, Civil fines and penalties.

Any person or entity found to be in violation of any condition of the permit issued herein shall first be issued a warning. Failure to correct the violation within one hour following the issuance of a warning shall result in the issuance of a Civil Violation Notice to the Beach Furniture Operator. The notice shall be provided pursuant to Section 15-10 of the Town Code. Failure to correct the violation may result in revocation of the permit. Failure to obtain the required permit shall subject the owner to a fine of $500 per day.

**Section 4. Severability**. If any section, subsection, clause or provision of this Ordinance is declared invalid or unconstitutional by a court of competent jurisdiction, the remainder shall not be affected by such invalidity.

**Section 5. Conflict.** All sections or parts of sections of the Town of Surfside Code of Ordinances in conflict herewith are intended to be repealed to the extent of such conflict.

**Section 6. Inclusion in the Code of Ordinances.** It is the intention of the Town Commission, and it is hereby ordained that the provisions of this Ordinance shall become and made a part of the Town of Surfside Code of Ordinances, that the sections of this Ordinance may be renumbered or relettered to accomplish such intentions; and the word "Ordinance" may be changed to "Section" or other appropriate word.

**Section 7. Effective Date.** This Ordinance shall be effective upon final adoption on second reading.

PASSED and ADOPTED on first reading this 13th day of October, 2016.

PASSED and ADOPTED on second reading this 13th day of December 2016.

On Final Reading Moved by: _Commissioner Paul._

On Final Reading Second by: _Mayor Dietch_

**FINAL VOTE ON ADOPTION**

Commissioner Daniel Gielchinsky       yes
Commissioner Michael Karukin          yes
Commissioner Tina Paul                yes
Vice Mayor Barry Cohen                no
Mayor Daniel Dietch                   yes

Daniel Dietch, Mayor

ATTEST:

Sandra Novoa, MMC, Town Clerk

**APPROVED AS TO FORM AND LEGALITY FOR THE USE AND BENEFIT OF THE TOWN OF SURFSIDE ONLY:**

Linda Miller, Town Attorney

## <u>Administrative Policy</u>

## <u>BEACH FURNITURE AND EQUIPMENT</u>

The Town has the authority to promulgate laws to regulate the public beach in a reasonable manner to protect public health, safety, and welfare, which must have a rational relation and be reasonably designed to accomplish a purpose necessary for the protection of the public. Pursuant to Section 86-30 and 86-31 of the Town of Surfside Code, beach furniture shall not inhibit access to the public beach, nor obstruct access on the beach for pedestrians and emergency vehicles, nor impact native vegetation, nor affect sea turtles or other wildlife.

## <u>PUBLIC ACCESS AND SAFETY</u>

- Beach furniture may not be placed directly behind of or in front of a lifeguard tower or within 10 feet of the entire perimeter of the lifeguard tower, or obstruct a lifeguard's or emergency personnel's view of the beach or ocean.

- No beach furniture shall be placed in the area immediately adjacent to or directly seaward of the street ends throughout the Town of Surfside.

- All beach furniture shall be set at no less than 12 feet and up to 20 feet seaward of the edge of the vegetation line of the dune.

- Beach Furniture Operator shall submit an operations plan approved by the Town Manager which includes specifications on storage, staffing and clean-up.

- Beach furniture shall not be set out in the morning before sunrise, or before completion of daily monitoring for turtle nesting activity by a Florida Fish and Wildlife Conservation Commission authorized marine turtle permit holder to examine the beach in the area of the authorized activity to ensure any new sea turtle nests are identified and marked, whichever occurs first.

## <u>REQUIREMENTS FOR PERMIT HOLDERS</u>

- The Beach Furniture Operator shall be responsible for ensuring that the beach furniture is clearly identified as to its ownership, maintained in good condition, free from evidence of deterioration, weathering, and discoloration, at all times.

- Beach furniture shall be deployed in a manner to assure public access and to encourage public use of the beach and shall cause no obstruction to the general public.

- A Beach Furniture Operator may store beach furniture on their property or east of the dune neatly organized and secured to the ground.

- Any request from a code enforcement officer, or lifeguard to relocate beach furniture shall be complied with immediately.

- In the event of a declared state of emergency, the Town Manager or designee may issue a warning to the Beach Furniture Operator to remove and secure the beach furniture. If the Beach Furniture Operator fails to remove the beach furniture, the Town Manager or designee, at its option, may remove the beach furniture from the public beach. The Beach Furniture Operator shall be liable for all costs incurred by the Town for the removal and storage of the beach furniture in the event of an emergency.

- The Beach Furniture Operator shall comply with any order issued by the State of Florida, and Miami-Dade County regulations regarding the preservation of marine turtle nesting grounds to ensure that nesting surveys are conducted in accordance with the conditions set forth by the state and the county. In the event an unmarked marine turtle nest is exposed, or a dead, injured, or sick marine turtle is discovered, the Florida Marine Patrol (1-800-DIAL-FMP) shall be notified immediately for appropriate conservation measures to be taken.

EXHIBIT B

ORDINANCE NO. 17 – 1062

**AN ORDINANCE OF THE TOWN COMMISSION OF THE TOWN OF SURFSIDE, FLORIDA AMENDING CHAPTER 86 "WATERWAYS"; ARTICLE II, "PUBLIC BEACHES", SPECIFICALLY AMENDING SECTION 86-26 "DEFINITIONS"; SPECIFICALLY AMENDING SECTION 86-31 "BEACH FURNITURE PERMIT REQUIREMENTS"; SPECIFICALLY AMENDING SECTION 86-33 "VIOLATIONS, CIVIL FINES AND PENALTIES"; PROVIDING FOR INCLUSION IN THE CODE; REPEALING ALL ORDINANCES OR PARTS OF ORDINANCES IN CONFLICT HEREWITH; AND PROVIDING FOR AN EFFECTIVE DATE.**

**WHEREAS,** the Town has the authority to promulgate laws to regulate the public beach in a reasonable manner to protect public health, safety, and welfare, which must have a rational relation and be reasonably designed to accomplish a purpose necessary for the protection of the public; and

**WHEREAS,** the Florida Constitution states that "The title to lands under navigable waters, within the boundaries of the state, which have not been alienated, including beaches below mean high water lines, is held by the state, by virtue of its sovereignty, in trust for all the people," s.11, Art. X, Fla. Const; and

**WHEREAS,** on December 13, 2016 the Town Commission adopted Ordinance No. 16-1658 to regulate beach furniture and its corresponding *Administrative Policy: Beach Furniture and Equipment* which provides for public access and safety and requirements for beach furniture; and

**WHEREAS,** on April 13, 2017 the Town Commission directed Town Administration to amend the beach furniture ordinance to clarify terms in the ordinance; and

**WHEREAS,** the Town Commission held its first public hearing on May 9, 2017 and recommended approval of the proposed amendments to the Code of Ordinances having complied with the notice requirements by the Florida Statutes; and

**WHEREAS,** the Town Commission has conducted a second duly noticed public hearing on these regulations as required by law on June 13, 2017 and further finds the proposed change to the Code necessary and in the best interest of the community.

**NOW, THEREFORE, BE IT ORDAINED BY THE TOWN COMMISSION OF THE TOWN OF SURFSIDE, FLORIDA:**

**Section 1. Recitals.** The foregoing "WHEREAS" clauses are ratified and confirmed as being true and correct and are made a specific part of this Ordinance.

**Section 2. Code Amendment.** Article II, "Public Beaches," specifically Section 86-26 "Definitions," Section 86-31 "Beach Furniture Permit Requirements" and Section 86-33 "Violations, Civil Fines and Penalties" is hereby amended as follows:

**Sec. 86-26. - Definitions.**

\* \* \*

*Beach Furniture Operator* is ~~a hotel located on the east side of Collins Avenue which uses or allows another party to use such beach furniture as part of a short-term paid lodging authorized through a Certificate of Use issued by the Town.~~ a hotel or Condominium Association located on the east side of Collins Avenue that provides beach furniture services to its residents and guests or a hotel located on the west side of Collins Avenue so approved by the Town Commission pursuant to Section 86-31(B)(2) of the Town Code.

*Beach Furniture Setup* is the organized preplacement of beach furniture by a Beach Furniture Operator in anticipation of use by an individual Beach Furniture User.

*Beach Furniture Storage* is the overnight placement of beach furniture on the public beach.

*Beach Furniture User* is an individual using any item of beach furniture while on the public beach. This applies to the general public, condominium residents and hotel guests.

\* \* \*

**Sec. 86-31. - Beach Furniture Permit Requirements.**

Beach Furniture Operator, as defined in this article must obtain a permit for Beach Furniture Setup and Beach Furniture Storage ~~to place beach furniture~~ on the public beach within the Town. Town Manager or designee shall establish an Administrative Policy: Beach Furniture and Equipment for the placement of beach furniture on the public beach ~~by Beach Furniture Operators~~ for public safety, access and maintenance~~, as set forth by Administrative Policy~~. A hotel Beach Furniture Operators must procure a local business tax receipt and comply with the regulations of Section 70-41 of the Town of Surfside Code and all required licenses or permits from Miami-Dade County, the State of Florida and federal entities.

Sections 86-26 ~~86-31~~ to 86-33 herein shall be reviewed by the Town Commission within one year of ~~after its~~ enactment and the Town will notify any Beach Furniture Permit holder prior to any meeting of such review. Nothing in Sections 86-31 to 86-33 shall require a permit from the general public to place beach chairs and/or equipment on the beach for personal use on an as needed basis.

~~A.~~ Application. ~~Any~~ Beach Furniture Operator shall apply for a Beach Furniture ~~p~~Permit on a form prepared by the Town ~~along~~ with the applicable permit application fee. ~~All permit applications shall include the following:~~
        ~~(1) An application fee of $500.00;~~

~~(2) An evacuation plan, in the event of a natural disaster such as a tropical storm or hurricane, including a storage area.~~

~~(3) Beach furniture operations plan, including specifications on storage, staffing and clean-up.~~

~~(4) Compliance with indemnification and insurance requirements pursuant to Section 86-32 of the Town of Surfside Code.~~

A. Beach Furniture Permit applications for hotels or Condominium Association located on the east side of Collins Avenue shall include the following:
   (1) An application fee of $500.00;
   (2) Beach Furniture Operations Plan, including specifications on setup, storage, staffing and clean-up, and an evacuation plan, in the event of a natural disaster such as a tropical storm or hurricane, specifying a storage area during the natural disaster.
   (3) Compliance with indemnification and insurance requirements pursuant to Section 86-32 of the Town of Surfside Code.

B. Beach Furniture Permit applications for hotels located on the west side of Collins Avenue must be approved by the Town Commission.
   (1) Beach Furniture Permit applications for hotels located on the west side of Collins Avenue shall include the following:
      a. An application fee of $500.00;
      b. Beach Furniture Operations Plan, including specifications on storage, staffing and clean-up, and an evacuation plan, in the event of a natural disaster such as a tropical storm or hurricane, including a storage area;
      c. Compliance with indemnification and insurance requirements pursuant to Section 86-32 of the Town of Surfside Code;
   (2) All applications for hotels located on the west side of Collins Avenue are subject to the Town Administrative Policy: Beach Furniture and Equipment and shall be approved by the Town Commission.
      a. The Town Commission shall review each application for conformity with the Town Administrative Policy: Beach Furniture and Equipment and decide whether the application shall be approved, approved with conditions, or denied.
      b. The Town Commission Public Hearing shall be advertised at least once in a local newspaper of general circulation or publicly posted in the Town Hall at least ten days prior to the Public Hearing. Written courtesy notices shall be sent by first class mail to affected property owners within a radius of 300 feet and shall contain a copy of the Beach Furniture Permit application.

      A notice, 18 inches by 24 inches, shall be placed in a prominent place on the property by the applicant at the applicant's own expense denoting the following:

      REQUEST FOR: _____

TOWN COMMISSION MEETING: DATE AND TIME

TOWN HALL
9293 Harding Avenue
Surfside, FL 33154

COMPLETE INFORMATION REGARDING THE BEACH
FURNITURE PERMIT APPLICATION IS AVAILABLE BY
CONTACTING THE TOWN HALL.

B. C. Exemption. Nothing in this article shall require a permit from a member of the general public to place beach furniture on the public beach for personal use.

C. D. Review of Beach Furniture Permit application. A permit shall be granted upon the submittal of a completed application and the required fee, unless the Town Manager or designee or the Town Commission for Beach Furniture Permit applications pursuant to Section 86-31(B)(2) of the Town Code, determines that the granting of such a permit:

(1) Unduly impedes governmental business or public access;
(2) Conflicts with previously scheduled activities;
(3) Imperils public safety; or
(4) Violates any public policy or local, state or federal law.

D. E.   A bBeach fFurniture pPermit is revocable if the applicant does not meet the requirements as specified in the Town Code, Administrative Policy: Beach Furniture and Equipment and applicant's operation plan. A hotel Beach Furniture Operator is subject to the provisions of Article II "Local Business Tax Receipt" of Chapter 70 of the Town Code.

E. F. Appeals. If a Beach Furniture Permit is denied or revoked by the Town Manager or designee, the Beach Furniture Operator may, within 30 days of the decision, file a notice of appeal to the Town Commission. The appeal shall be heard as a quasi-judicial matter.

**Sec. 86-33. - Violations, Civil fines and penalties.**

Any person or entity found to be in violation of any condition of this section the permit issued herein shall first be issued a warning. Failure to correct the violation within one hour following the issuance of a warning shall result in the issuance of a Civil Violation Notice to the Beach Furniture Operator. The notice shall be as provided pursuant to in Section 15-10 of the Town Code. Failure to correct the violation may result in revocation of the permit. Failure to obtain the required permit shall subject the owner to a fine of $500 per day.

Violations of this section shall be subject to the following fines.

a. If the violation is the first violation-$100.00
b. If the violation is the second violation within the preceding 12 months-$500.00

c. Any subsequent violation after the second violation within the preceding 12 months-$1,000.00

d. After the third violation, a Beach Furniture Operator shall be suspended from Beach Furniture operations for a period of one year from the date of violation.

**Section 4. Severability.**  If any section, subsection, clause or provision of this Ordinance is declared invalid or unconstitutional by a court of competent jurisdiction, the remainder shall not be affected by such invalidity.

**Section 5. Conflict.**  All sections or parts of sections of the Town of Surfside Code of Ordinances in conflict herewith are intended to be repealed to the extent of such conflict.

**Section 6. Inclusion in the Code of Ordinances.**  It is the intention of the Town Commission, and it is hereby ordained that the provisions of this Ordinance shall become and made a part of the Town of Surfside Code of Ordinances, that the sections of this Ordinance may be renumbered or relettered to accomplish such intentions; and the word "Ordinance" may be changed to "Section" or other appropriate word.

**Section 7. Effective Date.**  This Ordinance shall be effective upon final adoption on second reading.

**PASSED** and **ADOPTED** on first reading this _9_ day of _MAY_, 2017.
**PASSED** and **ADOPTED** on second reading this _13_ day of _June_, 2017.

On Final Reading Moved by: Commissioner Gielchinsky
On Final Reading Second by: Commissioner Karukin

**FINAL VOTE ON ADOPTION**
Commissioner Daniel Gielchinsky        YES
Commissioner Michael Karukin           YES
Commissioner Tina Paul                 Absent
Vice Mayor Barry Cohen                 no
Mayor Daniel Dietch                    yes

_____
Daniel Dietch, Mayor

**ATTEST:**

_____
Sandra Novoa, MMC, Town Clerk

**APPROVED AS TO FORM AND LEGALITY FOR THE USE AND BENEFIT OF THE TOWN OF SURFSIDE ONLY:**

_____
Linda Miller, Town Attorney

Page 5 of 5